UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMANDA LAWRIE-JONES,

                       Plaintiff,

      -against-

CHOW DOWN INC. d/b/a EL CENTRO, BAMJ MIDTOWN
ASSETS, LLC, MURRAY MIDTOWN ASSETS LLC and
ARP MIDTOWN ASSETS LLC,

                      Defendants.

Case No. 16CV4573
COMPLAINT

---

       Plaintiff, AMANDA LAWRIE-JONES (hereinafter "Plaintiff"), through her undersigned

counsel, hereby files this Complaint and alleges as follows:

### INTRODUCTION

       1.     This is a civil action to redress discrimination on the basis of disability in

violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et

seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36.  Plaintiff also sets forth claims

for unlawful discrimination under the New York State Executive Law (the "Executive Law") §

296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York

(the "Administrative Code"), § 8-107.

       2.     On July 26, 1990, Congress enacted the ADA, 42 U.S.C. § 12101 et seq., the

most important civil rights law for persons with disabilities in our country's  history.

       3.     The Congressional statutory findings include:

       (a)     Some 49,000,000 Americans have one or more physical or mental disabilities,

and this number is increasing as the population as a whole is growing older;

       (b)     Historically, society has isolated and segregated individuals with disabilities,

and, despite some improvements, such forms of discrimination against individuals

with disabilities continue to be a serious and pervasive social problem;

(c)     Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communications, recreation, institutionalization, health services, voting, and access to public services.

(d)     Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities.

(e)     The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society justifiably is famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity. 42 U.S.C. § 12101 (a)(l)-(3), (5) and (9).

4.     Congress explicitly stated that the purpose of the ADA was:

(a)     To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b)     To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(c)     To invoke the sweep of Congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities 42 U.S.C. § 12101 (b)(l)(2) and (4).

2

5.      Congress provided commercial businesses 1 1/2 years to implement the requirements imposed by the ADA.   The effective date for ADA Title III {ADA § 12181 et seq.), was January 26, 1992.

## PARTIES

6.      Plaintiff qualifies as an individual with a disability as defined by the ADA (and the New York State laws relevant to this action) as she has Scleroderma, which has led to the amputations of part of her legs and both feet and she therefore uses a wheelchair for mobility.

7.      Defendant CHOW DOWN INC. d/b/a EL CENTRO (the "Restaurant") operates an establishment selling food and beverages located at 824 Ninth Avenue, New York, New York.  The Restaurant is a "place of public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and, among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B).

8.      Defendants BAMJ MIDTOWN ASSETS, LLC, MURRAY MIDTOWN ASSETS LLC and ARP MIDTOWN ASSETS LLC (collectively, the "Landlord") own the building in which the Restaurant is located and are therefore appropriate parties pursuant to Federal Rule of Civil Procedure 20 as, in accordance with the ADA, the Restaurant and the Landlord (hereinafter collectively referred to as "Defendants") are jointly and severally liable for barrier removal.

## JURISDICTION and VENUE

9.      This Court has jurisdiction over the ADA claims pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), and  the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York.

10.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b).  The acts of discrimination alleged in this complaint occurred in this District, and the public accommodation which is the subject of this action is situated in this District.

### STATEMENT OF FACTS

11.    Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

12.    New construction and alterations subject to 28 CFR 36.401 or 36.402 shall comply with the 2010 Standards if the date when the last application for a building permit or permit extension is certified to be complete by a state, county, or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by a state, county, or local government) is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012.

13.    Plaintiff patronizes establishments in the area where the Restaurant is located when she visits her friend who lives nearby.  She last attempted to gain entry to the property which forms the basis of this lawsuit on June 14, 2016.

14.    Plaintiff will continue to visit the Restaurant and will attempt to enjoy the goods and services provided as soon as the barriers hereinafter set forth have been removed.   The barriers to access at the Restaurant have effectively denied or diminished Plaintiff's ability to

4

visit the property and have caused embarrassment and frustration to the Plaintiff.

15.     Defendants have discriminated against the Plaintiff' by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. 12181, et seq., and 28 CFR 36.302, et seq., as described below.

16.     The services, features, elements and spaces of the Restaurant are not readily accessible to, or usable by Plaintiff as required by 42 USC § 12182 et. seq., 28 C.F.R. Part 36, and the 1991 ADA Standards for Accessible Design (hereinafter, the "Standards"):

17.     An inspection of the Restaurant was conducted and multiple violations and barriers were observed, all of which the Plaintiff encountered or is aware of, and prevent her from entering the Restaurant, enjoying a meal in comfort or using the toilet facilities, all of which she desires, as follows:

The Restaurant is located at the corner of Ninth Avenue and West 54th Street.  It has two entrances, the main one located on 9th Avenue, the other, a "take-out" door on West 54th Street. There is outside dining on both 9th Avenue and West 54th Street.  Inside dining consists of a main dining area and bar seating.

The main entrance is a single entry door which opens outwards toward the sidewalk. There is a step/rise at this door that is approximately 2 inches which prevents the Plaintiff from entering.   The "take out" entrance opens outwards to the sidewalk and has a step of approximately 4 inches in front of it.

As a result of the foregoing:

a) The step/rise at the entrances prevent Plaintiff from entering the Restaurant in her wheelchair.  The failure to remove the architectural barriers at the entrances constitutes discrimination of the Plaintiff.  (42 USC § 12182(2) (A) (iv)).

b) Plaintiff is not offered the same accommodation as offered to others, including entry, use of the bathroom and the failure to provide accessible seating, in violation of 42 USC § 12182(b)(ii).

c) Standards 4.3.1 requires that all walks, halls, corridors, aisles and other spaces that are part of an accessible route comply with 4.3. All 4.3 violations described below result in violation of 4.3.1.

d) Standards 4.3.2 (1) states that at least one accessible route within the boundary of the site must be provided from public streets or sidewalks to the accessible building entrance they serve, with the accessible route, to the maximum extent feasible, coinciding with the route for the general public. The steps at the doors create this violation.

e) Changes in levels along an accessible route must comply with Standards 4.5.2. If an accessible route has changes in level greater than 1/2 inch, then a ramp or platform lift is required which complies with 4.8.

f) Changes in level greater than 1/2 inch must be accomplished by means of a ramp that complies with Standards 4.8 (4.8.2 provides that ramps to be constructed on existing sites or in existing buildings or facilities may have slopes and rises as allowed in 4.1.6(3)(a) if space limitations prohibit the use of a 1:12 slope or less).

g) Standards 4.3.9 states that doors along an accessible route must comply with 4.13 (as detailed below).

h) Standards 4.13.6 states that minimum maneuvering clearances at doors which are not automatic or power-assisted shall be 60 inches at this type of doorway. The floor or ground area within the required clearances must be level and clear.  The Restaurant fails to provide any level maneuvering clearance at any entrance.

i) Standards 4.14.1 requires entrances to be part of an accessible route complying with

4.3. Such entrances must be connected by an accessible route to public sidewalks.  Those entrances must then also be connected by an accessible route to all accessible spaces or elements within the building or facility.  No such entrance is provided here.

j) Standards 4.1 requires signage at an accessible door directing disabled patrons to a door which complies with 4.13, by being at least 32 inches wide and on an accessible route. (See Standards 4.13, 4.13(b), 4.13(c), 4.13(8)(a)(i) and (ii)).  No signage is provided to direct disabled patrons to an accessible entrance.

Outside dining consists of several two person "peg leg" style tables in front of the Restaurant, both to the right and left of the entrance.  There are a few additional such tables on the West 54th street side.  There are Restaurant barricades set up along the perimeter of the outside dining area.  There is room at two tables for the necessary clear floor space, but no accessible table is provided.

The arrangement of the tables inside the Restaurant prevents any aisle from being 36 inches wide, wide enough to allow Plaintiff to maneuver.  There are multiple tables of varying sizes, with some having booth seating on one side and chair seating on the other.  The tables and seating are all free standing and can be moved around as needed.  All of the free standing tables are "peg leg" style.  In the rear, there is a small high bar with 5 seats. There is clear floor space on the short end for plaintiff to sit in her wheelchair, but there is no lowered or fold down counter provided which is accessible to her.

Due to the height and lack of knee and toe clearance at any of the dining tables, there is no way that the Plaintiff could pull up to any table and allow her the opportunity to enjoy the food and drink that is offered to able bodied patrons.

The failure to provide accessible tables constitutes discrimination of the Plaintiff.  (42 USC § 12182(2)(A)(iv)).  By failing to provide accessible seating, the Restaurant fails to provide

for a means by which people in wheelchairs can be afforded equal benefit of their services, in violation of 42 USC § 12182(b)(ii).

k)   The Restaurant failed to make readily accessible alterations to the path of travel to renovated areas, in violation of 42 USC § 12183(a)(2), although such renovations are not disproportionate.

l)   Standards 4.32.3 provides that seating for people in wheelchairs is to be provided at tables or counters with knee spaces at least 27 inches high, 30 inches wide and 19 inches deep.  No seating with the required knee and toe clearance is provided.

m) Standards 4.32.4 requires the tops of accessible tables and counters to be from 28 in to 34 in above the floor.  The Plaintiff is unable to sit with her friends at the bar due to its height.

There two bathrooms on the main floor in the rear of the Restaurant.  There is a narrow hall that leads to the bathrooms.  One of the entry doors requires travel into this hall, but it is too narrow to allow wheel chair access.  The women's bathroom was evaluated and it is inaccessible for use by a wheelchair bound patron.

18.   Further investigation is required in order to determine other barriers which may exist.

19.   The Restaurant fails to provide a means by which people in wheelchairs can be afforded equal benefit of its services, in violation of 42 USC § 12182(b)(ii), which provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

There is no way for Plaintiff to enter the Restaurant independently, sit comfortably at a

table or to avail herself of the toilet room facilities (photographs depicting some of the barriers at the Restaurant are annexed as Exhibit A and incorporated by reference herein). Therefore, the violation of the foregoing statutory provision would prevent Plaintiff from enjoying the facilities of the Restaurant in the same way a non-disabled patron may benefit from them.

### FIRST CLAIM FOR RELIEF
(Americans with Disabilities Act)

20.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

21.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

22.     Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a.     Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b.     Provision goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c.     Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the subject property to individuals with disabilities;

d.     Failing to design and/or construct the subject property so that it is readily accessible to and usable by individuals with disabilities;

e.     Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

23.     Defendants could have removed some of the illegal barriers at the Restaurant by  i) ramping the raised areas at the entrances; ii) purchasing ADA complaint tables and furnishing an ADA compliant section of the bar; and iii) providing an ADA compliant toilet room on the main floor level.

24.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

25.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12188(b)(l)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. § 503(a).

26.     Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible place of public accommodation.

27.     Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

## SECOND CLAIM FOR RELIEF
(Violation of New York State Executive Law)

28.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

29.     The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because she is disabled.

30.     By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

31.     The Defendants have discriminated against Plaintiff in violation of the Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

32.     The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

33.     It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

34.     As a direct and proximate result of the Defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

35.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

### THIRD CLAIM FOR RELIEF
(Violation of the Administrative Code of the City of New York)

36.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

37.     The Defendants have, and continue, to subject P1aintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

38.     The Defendants have discriminated against Plaintiff in violation of the Administrative Code § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

39.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130.

40.     The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

41.     As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

42.     The Defendants' long-standing refusal to make their place of public accommodation fully accessible was egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

43.     By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

44.     By refusing to make the place of public accommodation accessible, the Defendants have unlawfully profited from their discriminatory conduct by receiving revenues from unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible.  The unlawful profits plus interest must be disgorged.

45.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

**FOURTH CLAIM FOR RELIEF**
(Violations of New York State Civil Rights Laws)

46. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

47. The Defendants have discriminated against Plaintiff pursuant to the Executive Law.

48. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

49. Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

50. Plaintiff will continue to experience unlawful discrimination as a result of the Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

51. Injunctive relief is also necessary to make the Restaurant readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to by i) ramping the raised areas at the entrances; ii) purchasing ADA complaint tables and furnishing an ADA compliant section of the bar; and iii) providing an ADA compliant toilet room on the main floor level.

## DECLARATORY RELIEF

52. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

53. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained

counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.      Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures

B.      Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above;

C.      Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.      Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.      Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

F.      Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

G.      Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

H.      Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

I.      For such other and further relief to which Plaintiff may be justly entitled.

Dated: June 16, 2016

_____

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza, Suite 4701
New York, New York 10119
(212) 967-4440

# EXHIBIT A







Side view on West 54th Street with Take Out Entry door:



El Centro Inside Pictures:

